IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOCKHEED MARTIN IDAHO TECHNOLOGIES COMPANY, ) ) | Case No. CV-98-316-E-BLW |
| Plaintiff, ) | **MEMORANDUM DECISION AND ORDER** |
| v. ) | |
| LOCKHEED MARTIN ADVANCED ENVIRONMENTAL SYSTEMS, INC., and LOCKHEED MARTIN CORPORATION, ) | |
| Defendants & Third-Party Plaintiffs, ) | |
| v. ) | |
| EG&G IDAHO INC., et al., ) | |
| Third-Party Defendants. ) | |

## INTRODUCTION

The Court has before it a petition for allowance of attorney fees filed by LMITCO. The Court heard oral argument on June 28, 2006, and took the motion under advisement. In addition, LMITCO's cost petition is at issue and can be decided on the briefs without oral argument. For the reasons expressed below, the Court will grant both petitions.

**Memorandum Decision and Order – Page 1**

## ANALYSIS

1. **<u>Attorney Fees</u>**

LMITCO contends that it is entitled to attorney fees by virtue of, among other authorities, Idaho Code § 12-120(3). That statute authorizes fee awards to prevailing parties in disputes relating to "commercial transactions," a label that precisely fits this litigation. LMAES counters, however, that Idaho law is inapplicable because the parties have agreed that federal contract law will govern this dispute.

This is a case in diversity, governed by *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). There, the Supreme Court held that a court sitting in diversity must apply the forum state's attorney fee law so long as (1) it does not conflict with any federal law, and (2) represents the "substantial policy" of the forum state. *Id.* at 260, n. 31.

The parties are free, however, to agree otherwise, and LMAES contends that they did so in their Subcontract. Article 35 of the Subcontract states that "[a]ny substantive issue of law in such dispute, claim or litigation shall be determined in accordance with the body of law applicable to procurement of goods and services by the Federal Government."

The phrase "substantive issue of law" could include attorney fee issues. *See*

**Memorandum Decision and Order – Page 2**

*Marek v. Chesny*, 473 U.S. 1, 35 (1985)(interpreting the phrase "substantive right" to include the right to attorney fees: "the right to attorney fees is 'substantive' under any reasonable definition of that term"). The "body of law" phrase has already been interpreted by this Court to mean that the governing law will be provided by the Federal Acquisition Regulations (FAR). *See Memorandum Decision filed March 29, 2005* (docket no. 626). Thus, any FAR provision setting standards for the award of attorney fees would govern this case.

     LMAES cites no FAR provision concerning attorney fees. Instead, LMAES contends that the applicable "body of law" extends beyond the FAR provisions to federal contracting law generally, which is governed by the American Rule prohibiting an award of fees in the absence of express authorization. LMAES cites two cases to support its contention that the American Rule governs federal contracting law: (1) *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371 (Fed.Cir. 2002), and (2) *Joy Dirt Constr. Co.,* AGBCA 91-162-1, 91-3 BCA ¶ 24,208.

     *Brickwood* involved a claim for attorney fees under the Equal Access to Justice Act, a statute applicable only to claims against the Government and not at issue here. *Joy Dirt* involved a motion for fees as a sanction for frivolous pleadings. While both cases include some dicta that support LMAES's claim, the

**Memorandum Decision and Order – Page 3**

statements are simply that – dicta.  Neither case held that the American Rule governs federal contract disputes.

Because LMAES has not shown that the American Rule has been adopted by the FARs, by "federal procurement law," or by federal contracting law generally, the Court finds that Article 35 of the Subcontract cannot be interpreted to include the American Rule.  It is simply silent on the subject.  Because the parties have reached no agreement on the law governing a fee award, the Court must return to the *Alyeska* analysis discussed earlier.[1]

*Alyeska* applies state law if the two criteria, quoted earlier, are met.  With regard to *Alyeska's* first criteria, the discussion above establishes that LMAES has not shown any conflict between federal law and the Idaho fee statute.  With regard to the second criteria, Idaho's fee statute clearly represents a substantial policy of the State.  The Idaho statute has been defined by Idaho courts as being substantive in nature (rather than merely procedural), and has been described as an "adjunct to the underlying commercial contract between the parties."  *Meyers v. Vermaas*, 753

---

[1] LMAES argues that the Court must engage in the conflict-of-laws analysis set forth in *Flores v. American Seafoods Company*, 335 F.3d 904, 916 (9th Cir. 2003).  The Court disagrees for two reasons.  First, *Flores* was a federal maritime case not governed by *Alyeska*.  Second, *Flores* involved a clear conflict between federal maritime law (governed by the American Rule) and state law (governed by a prevailing party fee statute similar to Idaho's).  As discussed above, there is no conflict in this case – here, federal law is silent on the fee issue, and hence not inconsistent with Idaho law allowing fees under certain circumstances.

**Memorandum Decision and Order – Page 4**

P.2d 296, 298 (Id. Ct. App. 1988).

Thus, under *Alyeska's* analysis, the Court must apply Idaho Code § 12-120(3). This dispute clearly relates to a "commercial transaction" and hence the statute authorizes an award of fees to the prevailing party. LMITCO and EG&G were prevailing parties and hence their petition for allowance of fees shall be granted.[2] The Court earlier bifurcated the attorney fee issue, and thus the Court will await further briefing before deciding how much to award.

**2.   Costs**

LMITCO seeks costs under 28 U.S.C. § 1920(4) in three areas: (1) $4.6 million in costs for creating a litigation database; (2) $600,000 in costs for trial evidence presentation; and (3) $200,000 in costs for copies.

Turning to the first category, the litigation database was necessary due to the extreme complexity of this case and the millions of documents that had to be organized. While the creation of the database is expensive, it is not unreasonably so, and it saved immense time for counsel who otherwise would have to sift through the documents by hand. Given these circumstances, the Court finds that these costs are recoverable under § 1920(4).

---

[2] With this analysis, the Court need not reach LMITCO's additional arguments concerning (1) the indemnity provisions of the Subcontract, and (2) the separate corporate guarantee of defendant LMC.

**Memorandum Decision and Order – Page 5**

With regard to the trial evidence presentation costs, the Court required counsel to put the trial evidence in electronic format. It was important that the evidence presentation be efficient and of high quality. The Court cannot find these costs unreasonable. The Court will likewise approve the third category, the coping costs.

The Court will therefore grant LMITCO's cost petition, but will stay the issuance of a Judgment until the Court finally resolves the attorney fee issue. That way, the Court can issue a single Judgment awarding both costs and fees.[3]

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the petition for allowance of attorney fees (Docket No. 631) is GRANTED. The parties are directed to agree to a briefing schedule to resolve the remaining issues in this bifurcated proceeding.

IT IS FURTHER ORDERED, that the petitions for costs (Docket Nos. 636 and 637) are GRANTED, but that an award of specific costs in a Judgment is hereby STAYED until the Court finally resolves the attorney fee issue and issues a

---

[3] A separate cost petition filed by LMITCO seeking $59,030.42, comprised mostly of deposition costs, was not opposed by LMAES and will be granted by the Court.

**Memorandum Decision and Order – Page 6**

single Judgment awarding both fees and costs.



DATED: **July 27, 2006**

_____
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 7**